UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEWIS STALLWORTH,

    Plaintiff,                               Case No. 22-11727

v.                                           Hon. Denise Page Hood

EVANS DISTRIBUTION
SYSTEMS, et al.,

    Defendants.

_____/

**ORDER GRANTING DEFENDANTS'**
**MOTION TO DISMISS [ECF No. 13]**

**I.    INTRODUCTION**

Plaintiff Lewis Stallworth has sued Defendants Evans Distribution Systems ("EDS"), Patrick Swaney ("Swaney"), and Richard Huziack ("Huziack"),[1] alleging Defendants violated his rights pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendants filed a Motion to Dismiss Complaint [ECF No. 13]. Plaintiff filed a response, to which Defendants replied. A hearing was held on March 13, 2023. For the reasons set forth below, the Motion to Dismiss Complaint is granted, and Plaintiff's cause of action is dismissed.

---

[1] In his Complaint, Plaintiff does not include a last name for Richard Huziack, but Plaintiff indicated the full name in his response brief.

1

## II.   BACKGROUND

Plaintiff has worked for EDS since October 2018 as a warehouseman, and he continues to work for EDS in that position.  Plaintiff is a member of a UAW union.  On September 8, 2020, Plaintiff filed a charge of discrimination against EDS with the Michigan Department of Civil Rights ("MDCR") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that he earned unequal wages and was disciplined because of his race (African-American). ECF No. 13, Ex. 1.  The charge includes the following statements:

> I was suspended most recently on or around July 14, 2020.  I believe I am being disciplined because I am African-American.
>
> On or around July 1, 2020, I became aware that a similarly situated Caucasian employee has a higher hourly wage than I.  I believe my race is a factor for the unequal wages.

*Id.*  The last claim of unequal treatment occurred on or about July 14, 2020.

On March 28, 2022, the MDCR dismissed Plaintiff's charge of discrimination, stating that there was "insufficient evidence to proceed." ECF No. 13, Ex. 2.  On or about April 25, 2022, the EEOC adopted the MDCR's findings, dismissed the EEOC charge, and provided Plaintiff with a Notice-to-Sue. ECF No. 1, PageID.10.  On July 26, 2022, Plaintiff filed this lawsuit.

2

In this lawsuit, Plaintiff alleges that Defendants discriminated against him for "unequal terms and conditions of [his] employment" and "retaliation." ECF No. 1, PageID.5.  Plaintiff alleges:

    A. unlawful discrimination based upon race/color for disciplinary issues on the following dates: April 27, 2021, May 4, 2021, May 7, 2021, June 4, 2021 and June 23, 2021;

    B. unspecified "retaliation" claim on an unknown date;

    C. that on April 27, 2021, he was written up for failing to follow procedure;

    D. that he was suspended on May 4, 2021;

    E. that he was on suspension and a meeting was held on May 7, 2021 without his participation;

    F. that on an unknown date, "Management" made a "false statement saying that I harassed co-worker harassment will get you fired I need help."

ECF No. 1, PageID.6.

The Complaint does not mention any specific claim regarding unequal pay, only that he wanted to be "compensated fairly." *Id.* at PageID.9.  There are no allegations against Patrick Swaney or Richard Huziack; *i.e.*, neither individual was mentioned other than in the caption.

### III.    APPLICABLE LAW

#### A. Rule 12(b)(1)

Fed.R.Civ.P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the

> pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis. *Id*.
>
> A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *Id*. Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

*Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014).

### B. Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of

4

a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. ANALYSIS

In Plaintiff's response, he completed a court form titled "RESPONSE TO MOTION" as follows:

### STATEMENT OF ISSUES PRESENTED

1. Why the Court should deny the Motion?

   Court should deny motion on the basis of discrimination, harassment, misrepresentation, m[anager] misconduct. This has been an ongoing[g] issue for over 2 yrs. I have filed with the EEOC, [MDCR], m[anagement] has not/is not being held accountable. I feel my situation needs to be heard by the courts.

   I have b[ee]n offered settlement of resolution, however I didn't feel it was appropriate for the last 2-3 yrs of mental anguish, anxiety, uncertainty.

   Best of my knowledge I received r[ight] to sue letter 4/27. I would also . . . clarify the name of the defendant m[anager] Richard Huziack. Defendant Patrick Swaney was very dishonest, made false statements that I harassed my supervisor. [A]ll these statements are true facts that I have submitted. [sic] Mr. Swaney has falsely accused me of harassment. Harassment will get you fired. The statement that I accused my supervisor when I and Armondo agreed I had never

> harassed him at any time. I was suspended for this. However Armondo admitted that this never took place.
>
> ### CONTROLLING OR MOST APPROPRIATE LEGAL AUTHORITY
>
> (List any federal laws, court cases, court rules, etc., that support your position. This may include the Federal Rules of Civil Procedure and the Court's local rules.)
>
> Discrimination, Retaliation, Exploitation at workplace. Harassment. [F]iled discrimination, harassment charges 8/20
>
> ### ARGUMENT
>
> (Explain why the court should deny the motion. State how any rules, statutes, or cases support your position. You may refer to documents to support your position. These documents should be attached to this brief as exhibits, unless they were previously filed with the Court.)
>
> I have filed numerous grievances with the union local 337 represented by Mr. Denzer however situation at work worsen[e]d. Presently I'm under Doctor's care, Doc Ghar. The beginning not a safe, working environment. [sic] Almost 2 yrs I received right to sue letter 5/22. It's very difficult, not knowing, understanding why I'm being subjected unfair treatment etc. at work. I understand everything that all my grievances are factual, and have witness. I have submitted all requested info. However unfortunately I have no attorney representation.

ECF No. 15, PageID.135-38.

### A. Timeliness of Complaint

Defendants argue that Plaintiff's Complaint was not timely filed. The Notice of Right to Sue issued by the EEOC provided that any "lawsuit must be filed WITHIN 90 days of your receipt of this notice." ECF No. 1, PageID.10.

Defendants state that the Notice of Right to Sue was provided to Plaintiff on April 25, 2022. Citing ECF No. 1, PageID.10.  The Court notes, however, that April 25, 2022 is the date of the Notice of Right to Sue was issued and that "[r]eceipt generally occurs on the date you (or your representative) view this document.  You should keep a record of the date you received this notice." *Id.* Plaintiff represents that, to the "[b]est of my knowledge I received ri[ght] to sue letter 4/27." ECF No. 15, PageID.135.

The Court finds that 90 days after April 27, 2022 is July 26, 2022.  It is undisputed that Plaintiff filed his Complaint on July 26, 2022.  Accordingly, the Court denies Defendants' timeliness argument and concludes that Plaintiff timely filed his Complaint.

### B. Exhaustion of Remedies

> In designating the procedure for challenging prohibited employment discrimination under Title VII, Congress gave initial enforcement responsibility to the EEOC. Thus, an employee alleging employment discrimination in violation of the statute must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts. *See* 42 U.S.C. § 2000e–5(e)(1). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. *See* 42 U.S.C. § 2000e–5(f)(1); *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). This rule serves the dual purpose of giving the employer information concerning the conduct about which the employee complains, as well as affording the EEOC

> and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion. *See id*. at 44, 94 S.Ct. 1011. Hence, allowing a Title VII action to encompass claims outside the reach of the EEOC charges would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role. At the same time, because aggrieved employees—and not attorneys—usually file charges with the EEOC, their pro se complaints are construed liberally, so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge. *See Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir.2006). As a result, "whe[n] facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir.1998).

*Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361–62 (6th Cir. 2010).

Defendants state that all of the dates identified in Plaintiff's Complaint (April 27, 2021, May 4, 2021, May 7, 2021, June 4, 2021 and June 23, 2021) are after July 14, 2020 (and July 1, 2020), the dates of alleged misconduct by EDS set forth in the Charge of Discrimination filed with the MDCR and EEOC. The Charge of Discrimination did not mention Swaney or Huziack, nor did it include any allegations of retaliation.

Defendants argue that none of the alleged acts set forth in the Complaint were contained in the Charge of Discrimination or considered by the EEOC and, conversely, the claim of unequal pay in the Charge of Discrimination was not set forth in the Complaint. Defendant contends that none of the allegations in

8

Plaintiff's Complaint were part of his Charge of Discrimination or could reasonably be expected to grow out of them for events he claims occurred nearly a year later. For those reasons, Defendants assert that Plaintiff's claims must be dismissed. Citing *Younis*, 610 F.3d at 362; *White v. Northern Mich. Regional Hosp.*, 659 F.Supp.2d 858 (W.D. Mich. 2009); *Jones v. City of Franklin*, 309 F.App'x. 938 (6th Cir. 2009). Plaintiff does not respond to this argument in any way.

The Court finds that there is no indication that the allegations and claims set forth by Plaintiff in his Complaint were the subject of any charge of discrimination filed with the MDCR and/or the EEOC. Accordingly, this Court dismisses Plaintiff's Title VII claims for failure to exhaust administrative remedies with the EEOC. *White, supra*; *Jones, supra*.

### C. Richard Huziack and Patrick Swaney

Defendants first argue that Richard Huziack should be dismissed because Plaintiff failed to include "Richard's" last name when filing the Complaint, particularly as Defendants repeatedly asked Plaintiff for "Richard's" last name since the Complaint was filed. The Court denies this argument, as Plaintiff has identified the individual as "Richard Huziack" in his response, and the case caption can be amended to reflect the individual's full name.

Defendants next argue that has failed to state any factual allegations against Huziack (and Swaney); there are no allegations of what either of them said, did, or failed to do. Defendant argues that Plaintiff has not alleged even the "threadbare recitals" of the elements of a cause of action against Huziack or Swaney. Plaintiff does not respond to Defendants' arguments regarding the absence of allegations against Huziack or Swaney.

The Court finds that Plaintiff has failed to state a claim against Huziack or Swaney because Plaintiff has not alleged that either of them acted or failed to act in any manner with respect to Plaintiff. For the reasons stated above, the Court also dismisses any claim(s) against Huziack and Swaney for failure to exhaust administrative remedies with the EEOC regarding such claim(s).

### D. Failure to State a Claim Against any Defendants

Defendants also assert that Plaintiff has failed to allege any facts that plausibly could lead to liability against any of the Defendants. Defendants argue that the discrimination claims in the Complaint have been resolved through the collective bargaining agreement, and there are no allegations of how the issues were discriminatory.

To plead a prima facie Title VII discrimination case, a plaintiff must allege the following elements:

(1) he is a member of a protected class;

(2) he was qualified for his job and performed it satisfactorily;

(3) despite his qualification and performance, he suffered an adverse employment action, and

(4) that he was replaced by a person outside the protected class or was treated less favorable than a similarly situated individual outside his protected class.

*Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572-73 (6th Cir.2000).

Defendants assert that Plaintiff has not identified how he is part of a protected class, but this is disingenuous as Plaintiff has stated that he is an African-American. Defendants claim that Plaintiff has not alleged he was qualified for his job and performed it satisfactorily, but the Court notes that Plaintiff has worked for EDS in the same position for approximately five years. The Court therefore presumes that means Plaintiff is qualified to perform the duties of his position.

Defendants next contend that Plaintiff has not identified how he was treated differently than anyone else or how the events were based on race discrimination, and the Court finds that to be true. Plaintiff does not offer any comparables or that similarly situated persons were treated differently than he has been. Plaintiff does not make any allegations of fact to support any racially motivated actions or inactions by EDS or any of its employees. To the contrary, in his response, Plaintiff appears to concede that he has no knowledge or belief why he has endured

11

adverse employment experiences at work. *See* ECF No. 15, PageID.138 ("It's very difficult, not knowing, understanding why I'm being subjected unfair treatment etc. at work.").

For those reasons, the Court concludes that Plaintiff has not pleaded a plausible Title VII claim of race discrimination. The Court notes that, although Plaintiff checked the box for "retaliation," Plaintiff made no allegations regarding how any acts were retaliatory or even what activity he engaged in that was protected, and says nothing of the causal connection between any adverse employment action and any protected activity. *See, e.g., Laughlin v. City of Cleveland*, 633 F.App'x 312, 315 (6th Cir. 2015) (citing *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 720 (6th Cir. 2008).

For these reasons, the Court concludes that Plaintiff has failed to state a viable claim of discrimination or retaliation, and Defendants' motion to dismiss is granted.

V. **CONCLUSION**

Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss Complaint [ECF No.

13] is GRANTED, and Plaintiff's Complaint is DISMISSED.

Dated: May 5, 2023               s/Denise Page Hood
                                 DENISE PAGE HOOD
                                 UNITED STATES DISTRICT JUDGE